660 P.2d 581 (1983)
James REYNOLDS, Randy Dix, Jerome Cate and Donald A. Douglas, Petitioners,
v.
STATE BAR OF MONTANA, Ward A. Shanahan, President; Sandy McCracken, President-Elect; Lawrence D. Huss, Secretary-Treasurer; George C. Dalthorp, James W. Johnson, Donovan Worden, Douglas J. Wold, Max A. Hansen, Robert D. Corette, James R. Johnson, Raymond F. Koby, Jr., John A. Warner, Gregory O. Morgan, Thomas F. Dowling, Patrick E. Melby, K. Robert Foster, Damon L. Gannett, Christopher J. Nelson, George W. Huss, Members of the Board of Trustees of the State Bar of Montana, and Kent M. Parcell, Executive Director of the State Bar of Montana, Respondents.
No. 83-09.
Supreme Court of Montana.
March 25, 1983.

ORDER
The petition of petitioners for declaratory judgment and injunctive relief having been fully briefed by the parties, and oral argument had thereon, the matter being now deemed submitted, and the Court advised,
IT IS ORDERED:
1. The Court declares and adjudges that the State Bar of Montana may not use funds derived from compulsory dues for lobbying purposes unless the State Bar makes provision to refund to members dissenting to such lobbying an aliquot portion of compulsory dues paid by said members, said refund to be based on the proportion of the lobbying expenses incurred by the State Bar to the number of dues-paying members as of the previous July 1.
2. The State Bar shall amend its Constitution and Bylaws to comply with this order, and submit proposals for the same for approval by this Court in the manner required.
3. The State Bar shall make such refunds for the current fiscal year to the petitioners herein when its lobbying expenses for the current year are determined, but not later than July 30, 1983.
4. All further declaratory or injunctive relief is denied. The court retains jurisdiction only for the purpose of the amendments here required. This cause is otherwise dismissed.
SHEA, Justice, concurring:
I join in the order of the Court because I think it is the fastest way to afford the relief requested  and, of course, because I think the relief requested should be granted. What has happened here is illustrative of the heavy powers which are assumed by organizations without involving all of its members in the democratic decision making process. It would be repugnant to me to have my compelled membership dues used in lobbying activities for which I may be strongly opposed. And that is precisely why the lawsuit was filed, the Montana Bar Association simply undertook lobbying activities with the use of compulsory membership *582 dues, without ever thinking that they should consider the rights of those members who may disagree with those lobbying activities.
Although lobbying activities are a valuable and perhaps even laudable activity of the bar, the officers should not have undertaken lobbying activities without first considering the rights of those members who either disagreed in principle to any lobbying activity, or who disagreed with certain lobbying activities of the bar. The officers should first have set up some formula for remitting fees to lawyers who did not approve of the lobbying activities.
Another sad factor is that the lawsuit probably has had the result of further depleting the financial resources of the Montana Bar Association. The Bar Association hired counsel to defend the lawsuit, and although it may be that this counsel donated his services to defend the bar's position, it may also be that the Bar Association has paid for his services. If the Bar has paid for legal counsel, an added insult has been imposed on the minority members (and certainly the plaintiffs here)  they have been compelled to pay in part for the defense of the lawsuit in which they seek to establish the very opposite point  that compulsory fees cannot be used for lobbying activities without their consent.
Perhaps a serious and good faith effort by the plaintiffs, combined with a serious and good faith effort on the part of the officers of the Montana Bar Association, could have avoided what I consider to be unnecessary litigation.
WEBER, Justice, dissenting from the foregoing Order.
I agree with the conclusion stated in the foregoing Order that declaratory and injunctive relief should be denied.
I dissent from the declaration that the State Bar of Montana may not use funds derived from compulsory dues for lobbying unless each dissenter receives a portion of his dues. The Order is not based on legal or constitutional principles but rather upon the power of this Court to control the organization of the State Bar. Apparently the Court has concluded that it is inappropriate to use the funds in the absence of consent by a dissenting member. I do not choose to join in the adoption of a rationale granting this type of veto power to dissenters. That rationale suggests each dissenter from a State Bar activity is entitled to an appropriate return of dues. That could hamstring the State Bar.
I would therefore return the matter to the District Court for its determination of the petition on the merits.